IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RODNEY LEE MAJOR, SR., 247758, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:19-CV-273-CSC |
| ) | |
| WALTER MYERS, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Rodney Lee Major, Sr., an indigent state inmate currently incarcerated at the Donaldson Correctional Facility. In the instant complaint, Major asserts that a correctional officer used excessive force against him in January of 2018 during his incarceration at the Easterling Correctional Facility. Doc. 1 at 3. Major further complains that other correctional officers witnessed the use of excessive force but failed to intervene on his behalf. Doc. 1 at 3.

The defendants filed a special report and supplemental special report supported by relevant evidentiary materials, including affidavits and medical records, in which they address the claims for relief presented by Major. Specifically, the defendants deny the alleged use of force about which Major complains. Doc. 22-1; Doc. 22-5; Doc. 22-6; Doc. 22-7. The defendants further maintain that the injury Major suffered to his finger occurred when he fell off his bed. Doc. 22-1.

In light of the foregoing, the court issued an order directing Major to file a response to the defendants' written reports. Doc. 25. The order advised Major that his failure to respond to the reports would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**." Doc. 25 at 1 (emphasis in original). Additionally, the order "**specifically cautioned [the plaintiff] that [his failure] to file a response in compliance with the directives of this order**" would result in the dismissal of this civil action. Doc. 25 at 1 (emphasis in original). The time allotted Major for filing a response in compliance with the directives of this order expired on August 21, 2019. Doc. 30. As of the present date, Major has failed to file a response in opposition to the defendants' written reports. In light of Major's failure to file a requisite response to the written reports of the defendants, the court finds that this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. *See Abreu-Velez v. Board of Regents of Univ. System of Georgia*, 248 F. App'x 116, 117–18 (11th Cir. 2007). After this review, it is clear that dismissal of this case is the proper course of action at this time. Specifically, Major is an indigent individual. Thus, the imposition of monetary or other punitive sanctions against him would be ineffectual. Additionally, his inaction in the face of the defendants' reports and evidence strongly suggests a loss of interest in the continued prosecution of this case. Finally, it appears that any additional effort by this court to secure Major's compliance with its orders would be unavailing and a waste of this court's scarce judicial resources. Consequently,

the court concludes that the abandonment of this case by Major and his failure to comply with an order of this court warrant dismissal. *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, generally, where a litigant has been forewarned dismissal for failure to obey a court order is not an abuse of discretion). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that a "district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id*.

For the above stated reasons, it is ORDERED and ADJUDGED that this case be dismissed without prejudice for failure of the plaintiff to comply with an order of this court and his failure to properly prosecute this action.

A separate Final Judgment will accompany this memorandum opinion.

DONE this 13th day of September, 2019.

    /s/ Charles S. Coody
    UNITED STATES MAGISTRATE JUDGE